MCGREGOR W. SCOTT
United States Attorney

AUDREY HEMESATH
Assistant United States Attorney

    501 I Street, Suite 10-100
    Sacramento, California 95814
    Telephone: (916) 554-2729

GREGORY G. KATSAS
Assistant Attorney General, Civil Division

DAVID J. KLINE
Director, District Court Section
Office of Immigration Litigation

VICTOR LAWRENCE
Principal Assistant Director

MELANIE S. KEIPER
    Trial Attorney

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VASILE SIMONCA, <br><br> Petitioner-Plaintiff, <br><br> v. <br><br> MICHAEL B. MUKASEY, Attorney General of the United States Department of Justice, et. al., <br><br> Defendants. | No. CV 08-01453-FCD-GGH <br><br> **NOTICE OF MOTION AND MOTION TO DISQUALIFY COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES** |

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on November 14, 2008, at 10:00 a.m., Defendants will bring on for hearing the within Motion to Disqualify Counsel, before the Honorable Frank C. Damrell, Jr., United States District Judge, Courtroom 2, United States Courthouse, 501 I Street, Sacramento, California. Defendants, by and through undersigned counsel, hereby move that the Court disqualify plaintiff's counsel. This Motion is based on the attached Memorandum of Points and Authorities, and upon such other and further arguments, documents, and grounds as may be advanced in the future.

DATED: September 26, 2008

                    McGREGOR W. SCOTT
                    United States Attorney

                    /s/ Audrey B. Hemesath
                    Audrey B. Hemesath
                    Assistant U.S. Attorney

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Defendants incorporate by reference the government's Motion to Dismiss for Lack of Jurisdiction, filed on this same date.

Plaintiff Vasile Simonca has filed a class action complaint seeking declaratory, injunctive, and mandamus relief, as well as relief pursuant to the Administrative Procedures Act ("APA"). See June 26, 2008 Amended Complaint ("Am. Complaint") at ¶ 6. Simonca alleges that the adjudication of his asylum application was improperly delayed due to the ongoing criminal investigation of Simonca's attorneys for preparing fraudulent asylum applications. Simonca is represented in this proposed class action by Jagdip Singh Sekhon, who is currently under indictment in the criminal matter United States v. Caza et al., 2:06-cr-S-0058 FCD.

The government moves to disqualify Mr. Sekhon as counsel in this civil action due to the conflict of interest created by counsel's indictment in the related criminal case. Because the criminal prosecution is itself the cause of the delay that is the subject of this lawsuit, Mr. Sekhon cannot properly continue his representation of Mr. Simonca and the proposed class.

## II.

## FACTUAL BACKGROUND

**A.     United States v. Caza, et al.**

In the pending criminal prosecution, on October 18, 2006, the United States indicted Jagdip Sekhon and four of his colleagues at the law firm of Sekhon & Sekhon, on allegations of false statements in asylum applications and conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, 18 U.S.C. § 1001, and 18 U.S.C. § 982(a)(6)(A)(ii)(I) & (II). United States v. Caza, et al., 06-58 FCD. The United States asserts that the Defendants in that action acted and conspired to

1

prepare applications for asylum and withholding of removal to be submitted to United States Immigration and Customs Enforcement that contained fabricated claims of persecution.

This matter is set to begin trial on February 24, 2009.

The plaintiff in this civil matter is one of the aliens who was represented by the Sekhon & Sekhon law firm in immigration proceedings. Simonca submitted an application for asylum and withholding of removal affirmatively in April 2002. 8 C.F.R. § 208.9. In October 2003, Simonca was placed into removal proceedings, and on November 24, 2003, the Immigration Judge denied the applications and ordered Simonca removed as charged. Simonca appealed to the Board of Immigration Appeals; this appeal was successful and the matter was remanded to the Immigration Judge for a decision consistent with the Board's conclusions.

After this remand, U.S. Immigration and Customs Enforcement informed the Immigration Judge of the criminal investigation into Sekhon & Sekhon. Adjudication of the applications for asylum and withholding of removal were promptly suspended pending the outcome of the Caza trial.

## III.
## DISQUALIFICATION OF COUNSEL BASED ON CONLFICT OF INTEREST

A motion to disqualify counsel may be brought when an attorney is unable to reconcile his representation with the standards of professional conduct. Eastern District of California Local Rule 83-180(e) provides that

> Standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the rules of Professional Conduct of the State Bar of California and decisions of any Court applicable thereto . . . are hereby adopted as standards of professional conduct in this Court. In the absence of an applicable standard therein, the Model Code of

Professional Responsibility of the American Bar Association may be considered guidance.

This rule is enforced through the Court's supervisory power and the Court's inherent power to preserve the integrity of the adversarial process. <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43 (1991). The Court in its discretion weighs the combined effect of

> ...a party's right to counsel of choice, an attorney's interest in representing a client, the financial burden on a client of replacing disqualified counsel and any tactical abuse underlying a disqualification proceeding, against the fundamental principle that the fair resolution of disputes within our adversary system requires vigorous representation of parties by independent counsel unencumbered by conflicts of interest.

<u>Allen v. Academic Games League of America, Inc.</u>, 831 F.Supp. 785, 789 (C.D. Cal. 1993), quoting <u>In re Lee G.</u>, 1 Cal.App.4th 17, 26, 1 Cal.Rptr.2d 375 (Cal.Ct.App. 1991); <u>see also</u> <u>Terrebonne Ltd. v. Murray</u>, 1 F.Supp.2d 1050, 1054 (E.D.Cal. 1998) (quoting the same). The Court conducts an examination to determine whether there has been improper conduct, whether there is an appearance of impropriety, or whether there is other conduct which "degrades or impugns the integrity of the Court or in any manner interferes with the administration of justice." Local Rule 83-180(e).

## IV.

## **ARGUMENT**

There is a patent conflict of interest between Mr. Sekhon's role as counsel in this matter on the one hand and his position as indicted defendant in a related pending criminal matter on the other. Not only is the subject matter of both actions the same—the alleged filing of fraudulent asylum applications—but the sole claim of the civil lawsuit is that the pending criminal action has caused the delay in adjudication of which Simonca complains. The timetable for adjudication of the applications hinges entirely upon the timetable for disposition of the criminal matter.

3

1  Any delay in the criminal proceeding will further delay the adjudication of the
2  applications.  As well the outcome of the criminal proceedings could affect the
3  substance of the adjudication of the pending applications.  As well the potential for
4  civil discovery in this matter could create a conflict with evidentiary matters in the
5  criminal proceeding.  As any attempted mediation or settlement or plea agreement in
6  either matter will undoubtedly influence the other pending matter.

7  It is impossible for Mr. Sekhon to alleviate this conflict of interest while he
8  remains a defendant in the <u>United States v. Caza</u> matter.  The dual roles of attorney
9  for the putative class and criminal defendant in matters so intertwined would both
10 degrade the integrity of the Court and interfere with the administration of justice,
11 such that the requirements of Rule 83-180(e) cannot be met.

## V.

## **CONCLUSION**

For the foregoing reasons, Defendants move to disqualify Jagdip Sekhon as counsel.

DATED: September 26, 2008

| | |
|---|---|
| GREGORY G. KATSAS<br>Assistant Attorney General | McGREGOR W. SCOTT<br>United States Attorney |
| DAVID J. KLINE<br>Director, District Court Secion<br>Office of Immigration Litigation | |
| VICTOR LAWRENCE<br>Principal Assistant Director | |
| MELANIE KEIPER<br>Trial Attorney | |
| | /s/ Audrey B. Hemesath<br>AUDREY B. HEMESATH<br>Assistant United States Attorney<br>Attorneys for Defendants |

4