UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

VASILE SIMONCA,

        Plaintiff,

   v.

MICHAEL B. MUKASEY, Attorney General of the United States Department of Justice, MICHAEL CHERTOFF, Secretary of the United States Department of Homeland Security, et al.,

        Defendants.

NO. CIV. S-08-1453 FCD GGH

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on a motion to dismiss brought by defendants Michael B. Mukasey, Attorney General of the United States Department of Justice, Michael Chertoff, Secretary of the United States Department of Homeland Security, Condoleeza Rice, Secretary of the United States Department of State and Carol Webster, Special Agent of the United States Immigration and Customs Enforcement (collectively, "defendants" or the "government") on the grounds this court lacks subject matter jurisdiction over plaintiff Vasile Simonca's ("plaintiff")

1

complaint and/or his complaint fails to state a claim upon which relief can be granted.[1]  Fed. Rs. Civ. P. 12(b)(1), 12(b)(6).  As its threshold argument, the government contends plaintiff's complaint must be dismissed because plaintiff lacks standing to bring his claims for declaratory, injunctive and mandamus relief[2] and/or because plaintiff failed to exhaust his administrative remedies.  Because the court agrees that it lacks jurisdiction over plaintiff's complaint based on plaintiff's lack of standing and/or based on plaintiff's failure to exhaust administrative remedies, the court does not consider defendants' alternative bases for dismissal.[3]

   Defendants' motion is granted on the grounds set forth below.

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. Local Rule 78-230(h).

[2] Plaintiff brings the following claims for relief on behalf of himself and a class of persons similarly situated: (1) violation of plaintiff's rights under the Immigration and Nationality Act ("INA") to adjudication of his asylum application (Counts I and II of the first amended complaint ["FAC"], filed June 26, 2008); (2) violation of plaintiff's due process rights (Count III and V of the FAC); (3) violation of plaintiff's rights under the INA to secure counsel of his choice to represent him in asylum proceedings (Count IV of the FAC); and (4) violation of plaintiff's equal protection rights (Count VI of the FAC).

[3] Defendants argued that plaintiff's complaint should also be dismissed because neither the Administrative Procedures Act, 5 U.S.C. § 702, the federal mandamus statute, 28 U.S.C. § 1361, nor the federal habeas corpus statute, 28 U.S.C. § 2241 provides this court with jurisdiction over plaintiffs' INA and constitutional claims.  Defendants also asserted that even if the court found jurisdiction, plaintiff's complaint must be dismissed for failure to state a claim for relief for violation of the INA or the due process or equal protection clauses.  The court need not reach these arguments herein.

## BACKGROUND

On June 24, 2008, plaintiff filed this action on behalf of himself, and all others similarly situated, seeking declaratory, injunctive and mandamus relief pursuant to 28 U.S.C. §§ 1361 and 2241, governing writs of mandamus and habeas corpus, and the Administrative Procedures Act, 5 U.S.C. § 702.  Plaintiff filed, as of right, a first amended complaint on June 26, 2008, which is the operable pleading in this action.  Therein, plaintiff alleges that the adjudication of his asylum application, as well as the asylum applications of others similarly situated, were improperly delayed due to the ongoing criminal investigation of plaintiff's attorneys, who are alleged to have prepared fraudulent asylum applications.[4]

Plaintiff submitted an application for asylum and withholding of removal in April 2002.  In October 2003, he was placed into removal proceedings, and on November 24, 2003, the Immigration Judge denied his application and ordered plaintiff removed as charged.  Plaintiff appealed to the Board of Immigration Appeals, and his appeal was successful.  On May 26, 2005, his case was remanded to the Immigration Judge for a

---

[4] In the pending criminal prosecution of <u>United States v. Caza, et al.</u>, filed on October 18, 2006, the government indicted plaintiff's counsel Jagdip Singh Sekhon ("Sekhon") and four of his colleagues at the law firm of Sekhon & Sekhon on allegations of false statements in asylum applications and conspiracy to defraud the United States, in violation of 18 U.S.C. §§ 371, 982(a)(6)(A)(ii)(I) & (II), and 1001.  The government asserts that Sekhon and the other <u>Caza</u> defendants prepared and submitted applications for asylum and withholding of removal to the United States Immigration and Customs Enforcement that contained fabricated claims of persecution.  The criminal matter is set for trial on February 24, 2009.  Plaintiff is one of the aliens who was represented by the Sekhon & Sekhon law firm in immigration proceedings which are the subject of the criminal prosecution.

3

decision consistent with the Board's conclusions.  After the remand, the United States Immigration and Customs Enforcement informed the Immigration Judge of the criminal investigation into the Sekhon & Sekhon law firm.  On March 10, 2006, plaintiff's application for asylum and withholding of removal was suspended and his case administratively closed pending the outcome of the Caza trial.  (FAC at ¶s 43-77.)

Plaintiff contends that in suspending his application and administratively closing his case, and the cases of others similarly situated, defendants have violated his right to the adjudication of his asylum application under the INA, and its implementing regulations, and have denied him his right to due process of law and equal protection under the Fifth and Fourteenth Amendments.  Plaintiff alleges that as a result of defendants' actions, he and other applicants for asylum have been denied their statutory right to expeditious and final adjudications of their claims; for those asylees that have established their eligibility for relief, they have been denied their right to immigrate their family members; and other asylees have been denied their permanent resident status which, once obtained, would allow them to seek United States citizenship. (FAC at ¶ 77.)

Significantly, plaintiff, through his counsel then as well Jagdip Sekhon, consented to the administrative closure of his asylum case.  (Ex. 1 to Defs.' Mem. of P. & A., filed Sept. 26,

2008).[5]  The United States Immigration and Customs Enforcement moved the immigration court to administratively close removal proceedings due to the pending criminal investigation of plaintiff's attorneys.  Plaintiff did not oppose the motion.  Instead, he stipulated as follows:

> As a result of the investigation by Immigration and Customs Enforcement and the involvement of the United States Attorney, the parties have agreed to administratively close removal proceedings until any possible District Court litigation has been resolved.

(Id.)  Based on the parties' agreement, the immigration court administratively closed plaintiff's removal proceedings.  Plaintiff concedes on the instant motion that he has not filed a motion to reopen those proceedings.  (Opp'n, filed Nov. 28, 2008, at 6.)

**STANDARD**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may by motion raise the defense that the court lacks "jurisdiction over the subject matter" of a claim.  Fed. R. Civ. P. 12(b)(1).  It is well established that the party seeking to invoke the jurisdiction of the federal court bears the burden of establishing the court's subject matter jurisdiction.  Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

---

[5]  Under a Rule 12(b)(1) "factual attack" on the complaint, wherein the moving party attacks the existence of subject matter jurisdiction in fact, the court may properly consider Exhibit 1 to defendants' motion despite it being extrinsic to the complaint.  See Standard Section, below.  Plaintiff also makes no objection to the court's consideration of this exhibit.

5

On a motion to dismiss pursuant to Rule 12(b)(1), the standards the court is to apply vary according to the nature of the jurisdictional challenge. A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of jurisdiction contained in the complaint as insufficient on their face to demonstrate the existence of jurisdiction ("facial attack"), or may be made as a "speaking motion" attacking the existence of subject matter jurisdiction in fact ("factual attack"). Thornhill Publishing Co. v. General Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). If the motion constitutes a facial attack, the court must consider the factual allegations of the complaint to be true. Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981); Mortensen, 549 F.2d at 891.

If the motion constitutes a factual attack, as here, however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill, 594 F.2d at 733 (quoting Mortensen, 549 F.2d at 891). In such instances, the court may properly consider materials extrinsic to the complaint in making its determination of subject matter jurisdiction. See e.g., Land v. Dollar, 330 U.S. 731, 735 n.4 (1947) (noting that "when a question of the District Court's jurisdiction is raised . . . the court may inquire by affidavits or otherwise, into the facts as they exist"); Biotics Res. Corp. v. Heckler, 710 F.2d 1375, 1379 (9th Cir. 1983) (stating that Rule 12(b)(1) motion was

6

not converted into motion for summary judgment by consideration of material extrinsic to pleadings).[6]

**ANALYSIS**

**A.  Standing**

To establish standing, a plaintiff must do more than allege violations of law.  He must allege facts showing he was injured as result of those violations of law, and that he is "within the 'zone of interests' sought to be protected by the statutory provision whose violation forms the legal basis for [his] complaint."  INS v. Legalization Assistance Project of the Los Angeles County Federation of Labor, 510 U.S. 1301, 1305 (1993), *citing* Lujan v. National Wildlife Federation, 497 U.S. 871, 883 (1990).  Ultimately, it is the "role of the courts to provide relief to claimants, in individual or class actions, who have suffered, or will imminently suffer, actual harm."  Lewis v. Casey, 518 U.S. 343, 349 (1996).

In determining whether a plaintiff has shown an injury resulting from a defendant's alleged violation of law, the court considers whether the plaintiff has alleged an "injury in fact;" that is, "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  Qwest Corp. v. City of Surprise, 434 F.3d 1176, 1180 (9th Cir. 2006).

In Lewis, the United States Supreme Court found the plaintiffs there, prisoners in a correctional facility, lacked

---

[6]  Because the court resolves the instant motion on jurisdictional grounds, it does not set forth the standard for a Rule 12(b)(6) motion.

standing to bring claims that they suffered a constitutional violation because they were denied access to the courts as a result of the prison's shortcomings in its legal library and legal assistance program.  518 U.S. at 351.  The court found that to establish standing, the plaintiffs had to show how *they were harmed* as a result of the constitutional violation.  Id.  Like the plaintiffs in Lewis, plaintiff here merely alleges various constitutional and statutory violations of law without showing an injury in fact.

Plaintiff has not alleged, nor can he, facts sufficient to show he has suffered, or will imminently suffer, a concrete harm as a result of defendants' actions because he concedes he consented to the administrative closure of his removal proceedings.  Indeed, he consented with full knowledge of the reasons the government sought closure, namely the pending criminal investigation of plaintiff's attorneys, and he consented to the closure of his case until "*any possible District Court litigation has been resolved.*"  (Ex. 1 to Def.'s Mem. of P. & A.) (Emphasis added.)

Plaintiff's justification, now, that he simply "acquiesced" in the administrative closure in the interest of the "conservation of judicial resources," so the case did not have to be continued indefinitely, is disingenuous.  In his opposition to the instant motion, plaintiff acknowledges that he has a statutory right to apply for asylum, and that by statute his case could not have been administratively closed except by consent of both parties.  See Matter of Guiterrez-Lopez, 21 I. & N. Dec. 479, 480 (BIA 1996).  Thus, plaintiff was fully aware of his

8

statutory rights; nothing required plaintiff to consent to the closure.  He could have continued to press his application but he chose not to do so.  Instead, he abandoned his application and sought relief in this court.

However, this court cannot grant plaintiff the relief he seeks as he has failed as a threshold matter to demonstrate he has standing to bring this action.  He has failed to show how he has been harmed by the administrative closure of his asylum case, which he fully and intelligently consented to close.

As such, the court must dismiss this action without prejudice.  Defendants' motion is granted on the basis of plaintiff's lack of standing.

**B.  Failure to Exhaust Administrative Remedies**

The exhaustion requirement avoids "premature interference with [an] agency's processes and helps compile a full judicial record."  Liu v. Waters, 55 F.3d 421, 424 (9th Cir. 1995) (internal quotations and citations omitted).  "Lower courts are, thus, not free to address the underlying merits [of a case] without first determining [whether] the exhaustion requirement has been satisfied or properly waived."  Laing v. Ashcroft, 370 F.3d 994, 998 (9th Cir. 2004).

Plaintiff concedes in his opposition that he has not filed a motion asking the immigration judge to re-calendar his asylum hearing.  In essence, he has not moved to reopen his case.  Plaintiff admits that such a motion is permissible under the INA but speculates that the immigration court would not act on his asylum application and would instead simply continue the matter pending the conclusion of the Caza matter.  Plaintiff's

speculation, however, cannot be substituted for the action that must be taken before judicial review is permitted. Plaintiff must first pose to the immigration judge the very arguments he makes herein regarding the alleged unlawful delay in adjudicating his asylum application. Only once plaintiff makes that argument and it is rejected and/or he shows his efforts to obtain a decision by the immigration court are futile can plaintiff properly show exhaustion of administrative remedies. Liu, 55 F.3d at 424; Laing, 370 F.3d at 998.

Plaintiff has not done so herein, and thus, his complaint is properly denied without prejudice on this alternative basis.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is GRANTED. Plaintiff's first amended complaint is dismissed without prejudice. The Clerk of the Court is directed to close this file.

IT IS SO ORDERED.

DATED: December 15, 2008

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE